IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIMOTHY K. Y. WONG,<br><br>　　　　　Defendant. | Civil No. 07-00387 ACK KSC<br><br>**FINDINGS AND RECOMMENDATION TO GRANT THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT AGAINST TIMOTHY K. Y. WONG** |

**FINDINGS AND RECOMMENDATION TO GRANT THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT AGAINST TIMOTHY K.Y. WONG**

Before the Court is the United States' Motion for Default Judgment against defendant Timothy K.Y. Wong. After careful consideration of the motion, supporting documents and relevant legal authority, this Court hereby FINDS AND RECOMMENDS that the United States' motion be granted for the reasons set forth below.

## BACKGROUND

On July 23, 2007, the United States brought this action to reduce certain federal income tax assessments made against defendant Timothy K. Y. Wong to judgment. On August 3, 2007, defendant was personally served with the summons and complaint. Defendant has failed to file an answer or other response, nor has he appeared in this case. On September 14, 2007, the Clerk of the Court entered default against the defendant.

The Government asserts that a delegate of the Secretary of the Treasury made assessments against defendant for unpaid federal income taxes, penalties, interest, and other statutory additions for 1990, 1996, 1997, 2000, 2001, 2002 and 2003 as follows:

| TAX TYPE | TAX PERIOD | ASSESSMENT DATE | AMOUNT ASSESSED | BALANCE DUE[1]/ |
|---|---|---|---|---|
| 1040 | 1990 | 10-20-1997 | $46,330.95 | $ 95,216.44 |
| 1040 | 1996 | 10-01-2003 | $11,880.43 | $ 14,753.22 |
| 1040 | 1997 | 10-01-2003 | $    782.85 | $      984.53 |
| 1040 | 2000 | 11-03-2003 | $27,283.41 | $ 35,540.69 |
| 1040 | 2001 | 11-10-2003 | $80,444.65 | $108,545.51 |
| 1040 | 2002 | 11-24-2003 | $19,420.83 | $ 27.136.14 |
| 1040 | 2003 | 04-26-2004 | $    366.51 | $      508.08 |
|  |  |  | **TOTAL** | $282,684.61 |

Except for 1990, all of the assessments against the defendant are based on tax returns filed by him. The defendant did not file a tax return for 1990. Because of defendant's failure, the IRS prepared a substitute for return for 1990. The amounts used to prepare the substitute for return were based on documents the IRS obtained from third parties. The assessments made against defendant for 1990 were based on the substitute for return prepared by the IRS.

The government asserts that despite notice and demand for payment, the defendant has neglected, refused or failed to fully pay those assessed amounts. At the time it filed the Complaint, the Government asserts that there was due and owing from the defendant a balance of $282,684.61, plus statutory interest and other additions from May 21, 2007. With its motion, the Government has submitted additional evidence showing that the defendant owes $294,571.98 plus statutory interest and other additions from December 3, 2007. Of course, that balance continues to increase because interest compounds daily according to 26 U.S.C.§ 6622 until the outstanding balance is paid in full.

---

[1]/ Balance due includes interest and applicable penalties cost and collection fees as of May 21, 2007

On January 9, 2008, the Government filed the instant motion asking this Court to enter default judgment against the defendant.  Default judgment would reduce the federal tax assessments against the defendant for 1990, 1996, 1997, 2000, 2001, 2001, 2002 and 2003 to judgment.  The Government argues that the merits of its claim to reduce the federal tax assessments to judgment, as well as the sufficiency of the Complaint, weigh in favor of issuing a default judgment.

Congress has authorized the IRS to collect outstanding tax liabilities. Pursuant to 26 U.S.C. § 7402(a), the United States can bring an action to obtain a judgment against a taxpayer as is necessary or appropriate to enforce the internal revenue laws.  The Government argues that it has complied with the statutory requirements and that it is entitled to judgment against the defendant for the outstanding federal income taxes he owes.

The Government argues that it is entitled to judgment against defendant not only because his failure to plead and appear against the complaint led to an admission that the amounts stated in the complaint were, in fact, properly assessed against him.  The United States offers additional evidence regarding the assessments made against the defendant for unpaid federal income tax (Form 1040). Specifically, the Government contends that the submission of the Certificates of Assessments and Payments (Forms 4340) for each tax year at issue are the proper means of establishing the facts of the administrative assessment and the notice and demand for payment.  Except for 1990, the Government also contends that the Forms 4340 establish the dates, the amounts and the basis for the taxes and penalties for each year.  For 1990, because the assessment was based on a substitute for return prepared by the IRS, the Government submitted additional evidence that it argues it sufficient to prove the amount and the basis of the tax assessment for that year.

In addition, the Government argues that the Declaration of Internal Revenue Service Revenue Officer Venice Hochman, with attached computer printouts which

contains breakdowns of the tax penalties and interest, as well as a calculation of the accrued interest for income tax liabilities for each period, provides sufficient evidence of the assessed balance as well as the accruals, calculated through December 3, 2007. The Government also contends that default judgment is warranted because there is no possibility of a dispute over the material facts in this case. The factual allegations in the Complaint are presumed to be true and defendant has never appeared in this case.

The Government also argues that default judgment is appropriate because defendant's default was not the result of excusable neglect. Defendant was personally served with the Complaint.  Defendant was personally aware of these proceedings, yet he chose not to file a response to the complaint and there is nothing in the record indicating that this was the result of excusable neglect.

Finally, the Government acknowledges that there is a strong policy favoring decision on the merits, but the Government argues that defendant had ample opportunity to respond and failed to do so. It would be unfair to penalize the government on its claim to reduce the tax assessments to judgment. Therefore, the Government argues that all of the relevant factors weigh in favor of granting default judgment.

## DISCUSSION

Default may be entered by the clerk if the defendant has " failed to plead or otherwise defend" within permitted time. Fed R. Civ. 55(a). The general rule of law is that upon default the factual allegations in the complaint, except those relating to damages, will be taken as true. TeleVideo Systems, Inc. v. Heidenthal, 826 F. 2d 915, 917-18 (9th Cir. 1987), quoting, Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir,.1977). The Court has discretion whether to enter default judgment. See Lau Ah Yew v. Dulles, 236 F. 2d 415 (9th Cir. 1956). In Eitel v. McCool, 762 F. 2d 1470, 1471-72 (9th Cir. 1986), the court identified seven factors that district courts may consider in exercising their discretion to award a default

judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Id. at 1471-72. " In applying this discretionary standard, default judgments are more often granted than denied." PepsiCo., Inc v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Where a default is entered, the well-pleaded allegations in the complaint are taken as true. See Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Geddes 559 F.2d at 560.  The plaintiff, however, must establish the relief to which it is entitled.  See Pope v. United States, 323 U.S. 1 (1944); Fair Housing of Marin, 285 F.3d at 906.

The Government has diligently litigated the instant case and it will be prejudiced if judgment is not entered on its claim to reduce the federal income tax assessments against defendant to judgment.  The Court also finds that the complaint sufficiently alleges substantive claims which concern a significant amount of money.  In addition to the fact that the well-pleaded allegations of the Complaint are taken as true, the Government has submitted sufficient additional evidence to prove the amount due and owing from defendant. Specifically, Certificates of Assessments and Payments 1996, 1997, 2000, 2001, 2001, 2002 and 2003, which are the proper means of establishing the facts of an administrative assessment, amounts of the assessment and notice and demand for payment.  See Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) ( Forms 4340 are proof that proper notices are sent); Hughes  v. United States, 953 F.2d 531, 539-40 (9th Cir. 1991) ( (Forms 4340 qualify as a public record under Fed R. Evid. 803 (8). Further, these IRS Forms are self-authenticating as public documents under seal and as certified

copies of official documents. See Fed. R. Evid. 902(1) and (4).  For 1990, in addition to the Form 4340, the Government also submitted additional evidence to prove the amount due and owing for that year.  The Government also has properly established the accruals through the Declaration of Revenue Officer Venice Hochman and the attachments thereto.  Accordingly, judgment should be entered against defendant in the amount of calculated through December 3, 2007 with statutory additions according to law until paid in full.

    The court further find that in light of the facts, there is no indication that defendant's default is due to excusable neglect.  This Court therefore finds that the Eitel factors weigh in favor of granting the motion.  Having considered all of the relevant factors, this Court FINDS that default judgment against defendant is warranted.  This Court therefore RECOMMENDS that the district judge issue judgment in favor or the Government and against defendant in the amount of $294,571.98 with interest and statutory additions accruing from December 3, 2007 until paid if full.

## CONCLUSION

    On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that the Government's Motion for Default Judgment against Defendant Timothy K.Y. Wong, filed on January 9, 2008, be GRANTED.

    IT IS SO FOUND AND RECOMMENDED.

    DATED this 22nd day of February, 2008.




Kevin S.C. Chang
United States Magistrate Judge